# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is entered into by and between Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons (the "Class"), Lexmark International, Inc. ("Lexmark"), and Total Pharmacy Supply, Inc. ("TPS"). Lexmark and TPS are collectively referred to as "Defendants." The parties to this Agreement are collectively referred to as the "Parties." This Agreement takes effect as of the date it is signed by the last of the Parties to sign it.

**WHEREAS**, Plaintiff and Defendants are parties to a civil action entitled *Bobo's Drugs, Inc. v. Total Pharmacy Supply, Inc., et al.*, Case No. 17-cv-2553, pending in the United States District Court for the Middle District of Florida (the "Action"); and

**WHEREAS**, Plaintiff alleged in the Action: (1) that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 and FCC implementing regulations by faxing advertisements without the recipients' prior express invitation or permission; and (2) that Defendants are liable for conversion of the Class's fax machine paper, toner, memory, and valuable time; and

**WHEREAS**, Plaintiff's counsel investigated the relevant facts and law relating to the Action; and

**WHEREAS**, Plaintiff's counsel contend they can establish that Defendants caused advertisements to be sent by facsimile to a target list of 5,427 fax numbers between October 30, 2013 and March 31, 2014; and

**WHEREAS**, Defendants have denied and continue to deny such contentions and any liability or wrongdoing for the claims made in the Action; and

**WHEREAS**, after considering the benefits to the Class and the attendant risks, costs, uncertainties, and delays of litigation and after extensive negotiations in good faith and at arm's length between the Parties, Plaintiff and its counsel have concluded that the terms and conditions provided for in this Agreement are fair, reasonable, and adequate; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid among other things, the additional expense, uncertainty and delay that would result from the continuation of the Action, and after extensive negotiations in good faith and at arm's length between the Parties, Defendants agree to enter into this Agreement to resolve all claims the Plaintiff and the Class have asserted against them in the Action upon the terms and conditions this Agreement provides; and

**WHEREAS**, the Parties stipulate and agree that the settlement of the claims of the Class (including Plaintiff) against Defendants are fair, reasonable, adequate and in the best interests of the Class after considering (1) the benefits the Class will receive under this Settlement, (2) the fact that the Defendants have demonstrated that they will vigorously oppose the claims asserted in this Action if the Settlement is not approved, (3) the attendant risks, costs, uncertainties, and delays of litigation, (4) the risks, costs, uncertainties, and delays of prosecuting this Action forward, and (5) the defenses raised by the Defendants to Plaintiff's claims and should be and are

hereby compromised and settled, subject to the approval of the Court, upon the
following terms and conditions:

1.  <u>Recitals</u>. The above-described recitals are incorporated herein and
made a part hereof.

2.  <u>The Class</u>. The Parties agree that the Class will be defined as: "Each
person or entity that received one or more telephone facsimile messages between
October 30, 2013 and March 31, 2014 offering Genuine Lexmark Reconditioned
Toner Cartridges available through www.tps-online.com or 1-800-878-2822 that did
not inform the fax recipient that he or she may make a request to the sender of the
advertisement not to send any future facsimile advertisements and that failure to
comply with the request within 30 days in unlawful."  The Class excludes: (1) any
person or entity that consented to receive an advertisement from Defendants by
telephone facsimile; (2) any person or entity that properly requests exclusion from
the class prior to the opt-out deadline; (3) Defendants, any parent, subsidiary,
affiliate, or controlled person of either Defendant, as well as their attorneys,
officers, directors, agents, servants, or employees, and the immediate family
members of such persons; (4) the named counsel in the Action and any employee of
their office or firm; and (5) the judge(s) assigned to the Action and his or her staff.

3.  <u>Class Representation</u>. For the purposes of settlement, Plaintiff is the
"Class Representative" and Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim
LLC is "Class Counsel."

4.    Settlement. This Agreement is entered into to resolve all disputes between Plaintiff, the Class and Defendants related to the Action. The assertions, statements, agreements and representations made herein are for settlement purposes only.

5.    Settlement Fund. Subject to the terms and conditions herein, Lexmark has agreed to make available a total of $1,900,000.00 ("Settlement Fund") to settle this Action and to pay Class claims on a claims-made basis, to pay an incentive payment to the Class Representative, and to pay attorneys' fees and expenses, inclusive of class administrative costs, to Class Counsel. Lexmark need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Lexmark will not relinquish control of any money until such payments are due. Any portion of the Settlement Fund that is not paid to claiming Class members, to the Class Representative, or to Class Counsel shall revert to and be kept by Lexmark. Lexmark shall not be responsible for any payments or obligations other than those specified in this Agreement.

6.    Payment by TPS to Lexmark.  TPS shall make a single payment of $45,000 to Lexmark no later than five (5) business days after preliminary approval by the Court of this Settlement as its contribution for the Settlement Fund. If for any reason a Final Approval Order is not entered or this Settlement is not finally approved by the Court for any reason by October 1, 2019, Lexmark will promptly return the $45,000 paid to it by TPS. In the event a Final Approval Order is entered by the Court after October 1, 2019 and Lexmark has repaid TPS's single payment of

4

$45,000, TPS will promptly make a single payment of $45,000 to Lexmark at such time for its contribution to the Settlement Fund. TPS shall not be responsible for any other payments or obligations other than those specified in this Agreement.

7.    <u>Preliminary Approval and Notice.</u> Class Counsel will submit this Agreement and its Exhibits, along with such other supporting papers as may be appropriate, to the Court for preliminary approval pursuant to Federal Rule of Civil Procedure 23 (e). The Parties' proposed "Order Preliminarily Approving Class Action Settlement and Proposed Notice" ("Preliminary Approval Order") is attached as <u>Exhibit 1</u>. Additionally, Plaintiff will request that the Court approve a Notice of Class Action Settlement substantially in the form attached hereto as <u>Exhibit 2</u> (the "Notice"), and request that the Court permit its transmission to the Class by facsimile transmission.   For any fax transmissions that are unsuccessful after three (3) attempts, Plaintiff proposes that Notice be sent via U.S. Mail by postcard notice substantially in the form of <u>Exhibit 2</u> to mailing addresses correlated to those fax numbers using reverse lookup and the National Change of Address database. Defendants oppose sending additional Notice by U.S. Mail, but all parties agree to abide by the Court's decision on the issue of additional mail notice and will agree not to appeal the Court's decision. Plaintiff shall inform the Court that a website will be set up by the "Settlement Administrator" (as defined in Section 9 below) for class members to access the settlement documents.  Nothing shall be posted to the settlement website without the agreement of the Parties.  In the event the Parties

cannot agree as to what may be posted to the settlement website, they shall present the dispute to the Court for resolution.

8.    <u>Class and CAFA Notices</u>. Within fourteen (14) days after the Court has granted the Preliminary Approval Order, the Settlement Administrator (as defined in Section 9 below) will cause the Notice to be sent by facsimile to the 5,427 fax numbers on the TPS target list produced in the Action in the manner set forth in Section 9 below.

Within ten (10) days after this Agreement is filed with the Court as part of the Motion for Preliminary Approval, Lexmark (on its behalf) and TPS (on its behalf) will cause the notice of proposed settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the appropriate Federal officials and appropriate State officials as provided for in that statute.  Pursuant to 28 U.S.C. § 1715(d), the Parties will seek to schedule the Final Approval Hearing so that the Final Approval and Judgment is entered more than 90 days after this notice of proposed settlement is provided.

9.    <u>Settlement Administrator</u>. The Parties agree to request that the Court appoint Class-Settlement.com to serve as the third-party Settlement Administrator. The Settlement Administrator shall have the following duties:

a.    Within fourteen (14) days after the date of Preliminary Approval Order, issue the Notice by facsimile to the Class members substantially in the form of <u>Exhibit 2</u> and make three (3) attempts to transmit the Notice via facsimile to each class member.  Additionally, if the Court so orders, if after three (3) attempts

to send the Notice via facsimile the Settlement Administrator is unable to successfully transmit the Notice via facsimile, the Settlement Administrator shall mail the Notice by postcard substantially in the form of <u>Exhibit 2</u> to the address indicated in TPS' records that is associated with each of the fax numbers that the Settlement Administrator was not able to successfully transmit the Notice via facsimile;

> b.    Assist Class members upon request in completing and submitting required forms ("Claim Forms"), collect tax information from the Class members if necessary or make appropriate tax withholding and tax payments, provide a list of accepted and rejected claims to counsel for the Parties, and issue the settlement payments;

> c.    Track and provide information on any returned Notices as well as update addresses;

> d.    Create and maintain a website with information regarding this Settlement and to deactivate the website upon completion of all actions regarding the Settlement;

> e.    Maintain a list of Class members who indicate they consented to receive the facsimiles or who timely and validly make opt-out requests or requests to be excluded;

> f.    Calculate, prepare and pay Class member settlement payments;

> g.    Provide a declaration to submit to the Court in support of final approval of the settlement;

h.    Monitor whether Settlement checks are cashed and within one hundred-twenty (120) days after the date Settlement checks were issued, prepare a report in excel format and provide it to counsel for the Parties, listing all Settlement checks issued, the check number, the check date, the name and address of the payee and indicate whether the check was negotiated (cashed); and if necessary, calculate, prepare and make any payment to Lexmark of any funds remaining from uncashed settlement checks or otherwise; and

i.    Provide to counsel for the Parties within one hundred-forty (140) days after the date the check are mailed to Class members making a valid claim, an accounting of the payments from the Settlement Fund detailing all recipients of any portion of the Settlement Fund and the amount they received.

Defendants and their counsel shall have no obligation to supervise or control the actions of the Settlement Administrator or to ensure that it complies with its obligations under this Agreement and as ordered by the Court.

Upon request, the Settlement Administrator will provide copies of all Claim Forms to counsel for the Parties. The Parties will have the opportunity to review the list of claims and claim forms for the purposes of objection.  The Settlement Administrator's decisions about the validity of claims is final and binding, provided that in no event shall the Settlement Administrator have the authority to approve or pay claims received after the "Claims Period," which is defined as being within seventy-five (75) days after the Notice is sent to Class members, or to pay a claim

based upon a facsimile number that is not on the list of facsimiles provided in the Action.

10. <u>Objections and Opt-Outs</u>. Any Class member may object to this Settlement and ask the Court to deny approval. Any written objection and supporting papers must be filed with the Clerk of the Court on or before the date specified in the Preliminary Approval Order and must include the person's or entity's name, fax number, street address, all attorneys who assisted in the preparation and filing of the objection, a list of all other class actions in which that person or entity or counsel have filed objections to settlements, and a statement of the reasons why the Court should find that the settlement is not in the best interests of the Class. The objector must also appear in person or through his/its own attorney at the Final Approval Hearing. Any Class member filing an objection shall also mail a copy of the objection to Class Counsel and counsel for the Defendants.

Any Class member that desires to be excluded from the Settlement may do so by sending a notice to the Settlement Administrator on or before the date set by the Court in the Preliminary Approval Order containing: (1) the name of this case, *Bobo's Drugs, Inc. v. Total Pharmacy Supply, Inc., et al.*, Case No. 8:17-cv-2553; (2) the Class member's name, address and fax number during the Class Period; and (3) a statement that the Class member wishes to be excluded (for example, "Exclude me from the Action.")

11. <u>Payments to the Class</u>. A Class member must submit a Claim Form to receive a share of the Settlement Fund. Each person who submits a timely, valid, and non-duplicative Claim Form shall be paid a pro rata share of the Settlement Fund (after subtracting notice and administration costs, incentive award to the Class Representative, and attorney's fees and expenses to Class Counsel), up to and not to exceed $275.00 for each of that individual Class member's unique fax numbers appearing on the TPS target list. For the avoidance of doubt, a member of the Class shall be entitled to only one $275.00 payment regardless of number of facsimiles the Class member claims to have received at a single fax number. Claim Forms will be due within seventy-five (75) days after the Notice is sent. Any Class member who does not submit a Claim Form within the seventy-five (75) day time limit, as evidenced by postmark or other identifiable date of transmission or upload to the Settlement Administrator's website, shall receive no payment from the Settlement Fund.  All Class members will be informed that settlement checks must be cashed within a one hundred-twenty (120)-day time limit and that Class members who fail to timely cash their checks will have no further right or entitlement to any payment under the terms of the Settlement but will be bound by the terms of the Settlement, including the Releases contained herein.

12. <u>Reversion to Lexmark</u>. Once Lexmark makes the settlement payment(s) to the Settlement Fund as set forth in Section 5, it shall not have any further payment or other obligation to the Class or any other person or entity. Once TPS makes its $45,000 payment to Lexmark as set forth in Section 6, TPS shall not

have any further payment or other obligation to the Class or any other person or entity. Lexmark shall keep all remaining money, if any, in the Settlement Fund after the payments provided for herein. If any Class member does not cash its settlement check within 120 days after issuance, the check shall become null and void and the funds for that check in the Settlement Fund shall also revert back to Lexmark.

13.    <u>Incentive Award and Attorneys' Fees</u>. Subject to the Court's approval, Plaintiff will be paid an incentive award from the Settlement Fund of $15,000 for representing the Class. Subject to the Court's approval, Class Counsel will be paid $475,000 (one fourth of the Settlement Fund) as attorneys' fees, plus out-of-pocket expenses, including the cost of issuing the Notice and claims administration, not to exceed $15,000 from the Settlement Fund . Lexmark agrees to pay these amounts from the Settlement Fund. Neither Lexmark nor TPS will object to a request for these amounts or appeal any award not exceeding these amounts. The amounts the Court awards will be set forth in the Final Approval Order and shall be paid from the Settlement Fund as provided herein. In the event the Court declines to finally approve the Settlement, Lexmark and Plaintiff will equally share the costs incurred by the Settlement Administrator in such administration, including sending the Notice and setting up the claims process.

14.    <u>Final Approval</u>. The Preliminary Approval Order will set a date for a Final Approval Hearing at which the Plaintiff and Class Counsel will request that the Court enter the "Final Approval Order and Judgment" in the form attached

hereto as <u>Exhibit 3</u> ("Final Approval Order"). Non-material changes to the Final Approval Order that are acceptable to all of Parties will not invalidate this Agreement.

15.    <u>Timing for Payment</u>. Within five (5) days after the Court enters its final Final Approval Order, Lexmark shall pay by check or wire transfer to Class Counsel the attorney's fees, expenses, and incentive award that the Court awards in the Final Approval Order.  If any Class member has filed an objection, Lexmark shall pay by check or wire transfer to Class Counsel the attorney fees, expenses and incentive award within five (5) days after the date for filing an appeal from such Final Approval Order has expired or, if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review. For purposes of this Agreement whichever date is later shall be the "Effective Date."

Within the later of (a) the Effective Date and/or (b) fourteen (14) days of Lexmark's counsel being informed by the Settlement Administrator of the total number of valid claims and total amount of claims owed, Lexmark agrees to pay by check or wire transfer to the Settlement Administrator the funds necessary to pay Class members who have made valid, timely and non-duplicative claims that have been accepted by the Settlement Administrator.   .

16.    <u>Releases</u>.

a.    As set forth in the Final Approval Order and in this Agreement,

upon the Effective Date, Plaintiff and each Class member who did not timely opt out of the Class, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged TPS, Lexmark, and their respective past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, heirs, successors, parents, subsidiaries, divisions and related or affiliated entities, from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate, in any way, to advertisements sent by fax between October 30, 2013 and March 31, 2014 and/or any assertions or allegations made or that could have been made in the Action about advertisements sent by fax during the Class Period (collectively, the "Plaintiff's Released Claims"). "Plaintiff's Released Claims" do not include any failure by any Party hereto to fully comply with the terms of this Agreement. Nothing herein shall be construed as releasing any claim not related to the Action.

b.        As set forth in the Final Approval Order and in this Agreement, upon the Effective Date, TPS and Lexmark shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally and forever released, relinquished and discharged Plaintiff, each Class member who does

not timely opt out of the Class, and Class Counsel, and their respective past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, heirs, successors, parents, subsidiaries, divisions and related or affiliated entities, from all claims based upon or arising out of the institution, prosecution, and/or assertion in the Action, and all the Plaintiff's Released Claims, (collectively the "Defendant's Released Claims"). The Defendant's Released Claims do not include any failure by any Party hereto to fully comply with the terms of this Agreement. Nothing herein shall be construed as releasing any claim not related to the Action.

   c. With respect to any and all claims released herein, the Parties stipulate and agree that as set forth in the Final Approval Order and in this Agreement, upon the Effective Date:

    (i) TPS, Lexmark, and Plaintiff each shall have expressly waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(ii) each of the Class members who do not timely opt out of the Settlement shall be deemed to have, and by operation of the Final Approval Order shall have expressly waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(iii) TPS, Lexmark, Plaintiff, and Class members, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Plaintiff's Released Claims and/or Defendants' Released Claims, but TPS, Lexmark, and Plaintiff expressly shall have, and each other Class member who does not timely opt out shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all claims as set forth

15

herein. The Parties acknowledge, and Class members who do not timely opt out shall be deemed by operation of the Final Approval Order to have acknowledged, that the foregoing waiver is a material element of the Agreement of which the releases in this Agreement are a part.

17.    <u>Agreement Contingent Upon Entry of Final Approval Order</u>. This Agreement (and all of the provisions herein) is contingent upon the Court's entry of an order approving the terms of this Agreement. If the Court refuses to enter the Final Approval Order, or if the Final Approval Order is reversed or materially modified on appeal, or, for any other reason, this Agreement does not become effective, then this Agreement shall be null and void *ab initio* and, other than Plaintiff and Lexmark's agreement to evenly split notice and administration costs, no stipulation, representation or assertion of fact made in this Agreement may be used by anyone for any purpose whatsoever; and in that event, all Parties shall have the same rights they had prior to entering into this Agreement.

18.    <u>Notices</u>. Requests for exclusion and objections to the Agreement or settlement shall be sent to:

> Phillip A. Bock
> BOCK, HATCH, LEWIS & OPPENHEIM, LLC
> 134 N. La Salle St., Suite 1000
> Chicago, IL 60602
>
> Steven B. Loy
> STOLL KEENON OGDEN PLLC
> 300 W. Vine St., Suite 2100
> Lexington, KY 40507
>
> William B. Hayes
> 257 Jackson St.
> Denver, CO 80206

19.     <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

20.     <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

21.     <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit or detriment of the following and only the following: the Parties and the Settlement Class members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

22.     <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the

individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

23.   <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Florida, without regard to its conflict of laws and choice of law provisions.

24.   <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if, and only if, the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty days to modify the Agreement and proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

25.   <u>Continuing Jurisdiction</u>. Without affecting the finality of the Final Approval Order, the Court shall retain continuing jurisdiction over the Action and the Parties, including all members of the Class, the administration and enforcement of this Agreement, and the benefits to the Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented

by motion to the Court.

26.    <u>No Admission of Liability</u>.  Defendants deny and continue to deny any

liability or wrongdoing of any kind with respect to the claims that have been or

could have been asserted against it by Plaintiff in this Acton.  It is specifically

understood and agreed that this Agreement does not constitute and is not to be

construed as an admission by Defendants or either one of them of any fact or

liability, any violation of law, or the commission of any actionable wrong.

27.    <u>Class Enjoined</u>. Upon entry of the Final Approval Order, all members

of the Class except those that timely and validly opt out will be forever barred and

permanently enjoined from directly, indirectly, representatively or in any other

capacity, filing, commencing, prosecuting, continuing, litigating, intervening in,

participating in as class members, individually or otherwise, or receiving any

benefits or other relief from any other lawsuit, any other arbitration, or any other

administrative, regulatory, or other proceeding against Defendants, including their

officers, directors, shareholders, employees, successors, representatives, agents,

attorneys, and assigns or anyone working on their behalf about the Released

Claims; and all persons and entities shall be forever barred and permanently

enjoined from filing, commencing, or prosecuting any other lawsuit as a class action,

individually or otherwise against Defendants (including by seeking to amend a

pending complaint to include class allegations or by seeking class certification in a

pending action in any jurisdiction) on behalf of Class members if such other lawsuit

is based on or arises from the Released Claims involving advertisements sent by fax during the Class Period.

28. <u>Cooperation</u>. The Parties agree to cooperate fully with one another to affect the consummation of this Agreement and to achieve the settlement provided for herein.

29. <u>Court Submission</u>. Class Counsel will submit this Agreement and the Exhibits hereto, along with a motion and memorandum in support of preliminary approval and such other supporting papers as may be appropriate, to the Court for preliminary approval of the Settlement.

30. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be

executed on the date set forth underneath their respective signatures.


**LEXMARK INTERNATIONAL, INC.**

By: _____

Its: _Counsel of Record_

Dated: _4/4/19_


**TOTAL PHARMACY SUPPLY, INC.**

By: _____

Its: _____

Dated: _____


**PLAINTIFF AND THE
SETTLEMENT CLASS**

By: _____

    Phillip A. Bock

Dated: _4/4/19_

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be

executed on the date set forth underneath their respective signatures.

**LEXMARK INTERNATIONAL, INC.**

By: _____

Its: _____

Dated: _____

**TOTAL PHARMACY SUPPLY, INC.**

By: _____

Its: _____PRESIDENT_____

Dated: ____4.5.19_____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
    Phillip A. Bock

Dated: _____ .

21

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| BOBO'S DRUGS, INC. d/b/a DAVIS ISLANDS PHARMACY, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-cv-2553 |
| v. | ) ) | CLASS ACTION |
| TOTAL PHARMACY SUPPLY, INC. and LEXMARK INTERNATIONAL, INC., | ) ) ) | |
| Defendants. | ) | |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CLASS NOTICE

This matter coming before the Court by stipulation of the parties and on Plaintiff's motion for settlement approval, and, after review and consideration of the Settlement Agreement, a hearing held on _____, 2019, and the presentations of counsel, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.     On _____, 2019, Plaintiff filed an unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Settlement Class.

2.     As agreed among the parties, the Court hereby certifies the following Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23: "Each person or entity that received one or more telephone facsimile messages between October 30, 2013 and March 31, 2014 offering Genuine Lexmark Reconditioned Toner Cartridges available through www.tps-online.com or 1-800-878-

2822 that did not inform the fax recipient that he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that failure to comply with the request within 30 days in unlawful." The Settlement Class excludes: (1) any person or entity that consented to receive an advertisement from Defendants by telephone facsimile; (2) any person or entity that properly requests exclusion from the class prior to the opt-out deadline; (3) Defendants, any parent, subsidiary, affiliate, or controlled person of either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (4) the named counsel in the Action and any employee of their office or firm; and (5) the judge(s) assigned to the Action and his or her staff.

3.     The Court finds that the proposed Settlement Class satisfies the requirements of Rule 23 because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

4.     The Court appoints plaintiff, Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff") as the "Class Representative" and appoints Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC as "Class Counsel."

5.     Pursuant to Rule 23 (e), the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as

2

fair, reasonable, and adequate.

6.      The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

7.      The Settlement Agreement proposes "Notice" to the Settlement Class in the form of Exhibit 2 to the Settlement Agreement and proposes to send it by facsimile to the fax numbers identified in a target list produced by Defendant Total Pharmacy Supply, Inc., in discovery. Plaintiff further proposes sending Notice by U.S. mail to the holders of any of the fax numbers if facsimile transmittal of the Class Notice is unsuccessful after three (3) attempts. In those instances, Plaintiff proposes that Class Notice be sent by U.S. mail to the mailing addresses associated with those fax numbers through a reverse lookup by the Settlement Administrator. Defendants oppose any notice by U.S. mail.  The Court finds that notice should be given by _____ and that this notice plan is reasonable and satisfies Rule 23 (e) and the requirements of due process under the United States Constitution. The plan is approved and adopted.

8.      The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice, as appropriate:

(a)      The Class Notice shall be sent on or before _____;

(b)      Requests by any Settlement Class member to opt out of the settlement must be filed on or before _____, or be forever barred. The Court shall rule on all requests for exclusion or opt outs at the fairness

hearing on _____; and

      (c)    Any objection or motion to intervene, including any supporting brief, must be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before _____, or be forever barred; and

9.    The fairness hearing is hereby scheduled for _____, at _____.

Dated: _____

_____
Honorable James S. Moody, Jr.

# EXHIBIT 2

**NOTICE OF CLASS ACTION SETTLEMENT**
**Please give this to a person who makes legal decisions for your home or business.**
**You may benefit from this. Please read it carefully. You are not being sued.**
**You must submit a Proof of Claim (attached) to receive a settlement check.**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BOBO'S DRUGS, INC. d/b/a DAVIS ISLANDS PHARMACY, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | No. 17-cv-2553 |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION |
| TOTAL PHARMACY SUPPLY, INC. and LEXMARK INTERNATIONAL, INC., | ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

TO:     Each person or entity that received one or more telephone facsimile messages between October 30, 2013 and March 31, 2014 offering Genuine Lexmark Reconditioned Toner Cartridges available through www.tps-online.com or 1-800-878-2822 that did not inform the fax recipient that he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that failure to comply with the request within 30 days in unlawful.

These persons are the "Settlement Class" or "Class" discussed below.

**A.     WHY HAVE YOU RECEIVED THIS NOTICE?** The Court ordered us to send this notice to your fax number because it was found on a list of fax numbers to which advertisements were sent by fax between October 30, 2013, and March 31, 2014, and, therefore, you might be a member of the Settlement Class. [If you received this Notice by mail, then fax attempts to you were unsuccessful and your address was correlated to a fax number on the list, either before or after the address was verified with the Postal Service's National Change of Address Database.]

**Comment [A1]:** Language to be included if the Court orders mail notice.

**B.     WHAT IS THIS LAWSUIT ABOUT?** You probably don't know anything about this class action lawsuit.  Plaintiff, Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff") filed the case alleging that the defendants, Lexmark International, Inc. ("Lexmark") and Total Pharmacy Supply, Inc. ("TPS") (collectively, "Defendants"), sent unsolicited advertisements by facsimile ("junk faxes") between October 30, 2013 and March 31, 2014 (the "Faxes"). Plaintiff's Class Action Complaint alleges Defendants violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, and common law conversion by sending advertisements by fax without prior express invitation or permission. Defendants denied Plaintiff's allegations and raised defenses. The parties have reached the proposed settlement discussed here.

Page 1 of 5

**C.    WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault or liability, and in exchange for a release of all claims against Defendants regarding the faxes at issue, Lexmark has agreed to make up to $1,900,000.00 (the "Settlement Fund") available to pay those class members who submit a claim form (attached), to pay an incentive award to Plaintiff for serving as the "class representative," and to pay attorney's fees and costs to Plaintiff's attorneys. Each class member who submits an approved claim in this settlement will be mailed a check for their pro rata share of the Settlement Fund, up to a maximum of $275.00 for each of their fax numbers that appears on TPS's target list produced by TPS in the litigation regardless of the number of faxes the member claims to have received at a single fax number. (You will identify your fax numbers on the attached Claim Form, and the settlement administrator will cross check your fax number(s) against the numbers on the TPS target list involved in the case.) The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, at _____, in Courtroom 17 of the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

**D.    WHAT CAN YOU DO NOW? YOU HAVE FOUR OPTIONS.**

**1.    Return a completed Claim Form.** To receive a share of the settlement funds, you must complete and return a signed Claim Form, postmarked, faxed, or uploaded on or before _____. The Claim Form is attached as the last page of this Notice. If your claim is approved, you will be mailed a check for your share of the settlement funds if the Court issues final approval of the settlement.   If the Court approves the settlement and you do not cash the check within 120 days of its issuance, the check will become null and void.

**2.    Do nothing.** If you do nothing, you will stay in the Settlement Class, be bound by any judgment entered by the Court, and you will release your claims against Defendants, but you will receive no payment.

**3.    Exclude yourself from the Settlement Class and the settlement.** You can exclude yourself from the class action and the settlement by filing a written request with the Clerk of the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. That request must be postmarked on or before _____, and it must list your name, fax number(s), street address, and the name and number of this case. You must also mail copies of your request for exclusion, postmarked by the same date, to:

| For the Settlement Class: | For Lexmark: | For TPS: |
|---|---|---|
| Phillip A. Bock | Steven B. Loy | William B. Hayes |
| Bock, Hatch, Lewis & Oppenheim, LLC | Stoll Keenon Ogden PLLC | 257 Jackson St. |
| 134 N. La Salle St., Suite 1000 | 300 W. Vine St., Suite 2100 | Denver, CO |
| Chicago, IL 60602 | Lexington, KY 40507 | 80206 |

**4.    Object to the settlement in writing.** If you object to the settlement, and wish to file an objection rather than excluding yourself, you must submit your objection in writing to the Clerk of the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Your objection must be postmarked by _____. You must also serve copies of your objection and any supporting memoranda or materials on the attorneys for the Settlement Class and for Defendants listed above, postmarked by the same date. Any objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should

find that the proposed settlement is not in the best interests of the Settlement Class. It is not enough to say that you object; you must state the reasons why you believe the Court should not approve the settlement. If you file an objection and wish to present it to the Court, then you must appear at the final approval hearing before Judge James M. Moody, Jr. in Courtroom 17 of the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 on _____, at_____. You are not required to attend this hearing unless you object to the settlement.

**E.     WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a hearing to decide whether the proposed settlement is fair and reasonable and should be approved. At that fairness hearing, the Court will hear any objections and arguments about the proposed settlement, including the amount of the award of costs and attorney's fees to Class Counsel. The fairness hearing will take place on _____, at_____, in Courtroom 17 of the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. **You do not need to attend this hearing unless you object**. The fairness hearing may be continued to a future date without further notice. If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Settlement Class will recover more than the amounts provided in the settlement, or anything at all.

**F.     WHO REPRESENTS THE CLASS?** The Court appointed Plaintiff, Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff"), to be the "Class Representative" and appointed Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC as "Class Counsel." At the fairness hearing, Class Counsel will request that the Court approve an incentive award of $15,000 from the Settlement Fund to Plaintiff for serving as the class representative. Additionally, Class Counsel will request that the Court award them attorneys' fees of $475,000 (one fourth of the total Settlement Fund), plus their out-of-pocket litigation expenses and the Settlement Administrator's charges (those expenses and charges capped at a total of $15,000), all to be paid from the Settlement Fund.

**G.     HOW DO I OBTAIN MORE INFORMATION ABOUT THE LAWSUIT OR THE SETTLEMENT?** This description of the case is general and does not cover all of the issues and proceedings in the case. The settlement agreement and other important documents are available on the Settlement website, www.<website>To see the complete file, including a copy of the settlement agreement, you may visit the office of the Clerk of the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

If you have specific questions, write to Class Counsel at his address above. Include the case number, your name, your fax number, and your telephone number. Or, you may call Class Counsel, Phillip A. Bock at 312-658-5501. You may contact Class-Settlement.com, the Settlement Administrator by calling **[number]**.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE JAMES M. MOODY**

**PROOF OF CLAIM – Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy v. Total Pharmacy Supply, Inc. and Lexmark International, Inc., et al., Case No. 17-cv-2553**

Fax Number: <inserted by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.      **You Must Provide Your Contact Information.**

Name: _____

Position: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Telephone Number: _____   Email Address: _____

Fax Numbers (list all numbers): _____

2.      **You Must Verify Ownership of your Fax Number(s).**

(a)      The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's, and connected to a facsimile machine, throughout the period between October 30, 2013 and March 31, 2014.  To the best of my knowledge, neither my company nor I consented to receive promotional telephone facsimile messages from Total Pharmacy Supply, Inc. or Lexmark International, Inc. prior to that period.

_____
(Sign your name here)

***-OR-***

(b)      The facsimile number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's, or not connected to a facsimile machine, throughout the period between October 30, 2013 and March 31, 2014. To the best of my knowledge, neither my company nor I consented to receive promotional telephone facsimile messages from Total Pharmacy Supply, Inc. or Lexmark International, Inc. prior to that period. Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

_____
_____
_____
(Sign your name here)

***-OR-***

(c)      Either my company or I provided express permission prior to October 30, 2013, to Total Pharmacy Supply, Inc. or Lexmark International, Inc. to receive promotional telephone facsimile messages.

_____
(Sign your name here)

3.      **You Must Return this Claim Form by [75 days]_____, 2019:**

Page 4 of 5

(a)    Fax this Claim Form to:  <u><fax number for claims ></u>

      ***<u>OR</u>***

(b)    Mail this Claim Form to:  [CLAIMS ADMINISTRATOR

      ***<u>OR</u>***

(c)    Submit this Claim Form electronically at: <u><website></u>

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| BOBO'S DRUGS, INC. d/b/a DAVIS ISLANDS PHARMACY, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-cv-2553 |
| v. | ) ) | |
| TOTAL PHARMACY SUPPLY, INC. and LEXMARK INTERNATIONAL, INC., | ) ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on _____, at _____, in Room 17 of the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Brief in Support of Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

1.     This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objection that was filed has been considered and is

1

overruled. Accordingly, this Final Judgment and Order binds all members of the

Settlement Class who did not opt out of the Settlement Class.

2.    This Court has jurisdiction over plaintiff, Bobo's Drugs, Inc. d/b/a

Davis Islands Pharmacy ("Plaintiff"), the members of the Settlement Class,

defendants Lexmark International, Inc. ("Lexmark"), and Total Pharmacy Supply,

Inc. ("TPS"), and the claims asserted in this lawsuit.

3.    This Court finds that the parties entered into the Settlement

Agreement in good faith, following arm's-length negotiations, and that it was not

collusive.

### Class Certification

4.    On _____, pursuant to Federal Rule of Civil Procedure 23

(e), the Court entered an order entitled, "Order Preliminarily Approving Class

Action Settlement and Class Notice" (the "Preliminary Approval Order").

5.    The Preliminary Approval Order certified the following class for

purposes of settlement: "Each person or entity that received one or more telephone

facsimile messages between October 30, 2013 and March 31, 2014 offering Genuine

Lexmark Reconditioned Toner Cartridges available through www.tps-online.com or

1-800-878-2822 that did not inform the fax recipient that he or she may make a

request to the sender of the advertisement not to send any future facsimile

advertisements and that failure to comply with the request within 30 days in

unlawful."  The Settlement Class excludes: (1) any person or entity that consented

to receive an advertisement from Defendants by telephone facsimile; (2) any person

or entity that properly requests exclusion from the class prior to the opt-out deadline; (3) Defendants, any parent, subsidiary, affiliate, or controlled person of either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (4) the named counsel in the Action and any employee of their office or firm; and (5) the judge(s) assigned to the Action and his or her staff.

6.     The Preliminary Approval Order also appointed Plaintiff as the "Class Representative" and appointed Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC as "Class Counsel."

<u>Class Notice</u>

7.     Plaintiff submitted the affidavit of _____ to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted reasonable notice, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

8.     The Court has reviewed the declaration submitted by counsel for Lexmark and TPS in support of compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) (Doc. ___). The Court finds that notice of the settlement (the "CAFA notice") was provided to State and federal authorities in substantial compliance with 28 U.S.C. § 1715(b) and that the CAFA notice complied with the terms of 28 U.S.C. § 1715(b). Specifically, the Court finds that (i) the CAFA notice

was sent to the appropriate State and federal authorities, (ii) the CAFA notice contained all of the information required to be included in the notice, (iii) the CAFA notice provided State and federal authorities sufficient time to file objections or inquire about the settlement, and (iv) no federal or State authorities submitted any inquiry, objection, or other response to the CAFA notice to the Court or counsel for the parties. Accordingly, the parties have substantially complied with their obligations under 28 U.S.C. § 1715(b) and no Settlement Class Member may avoid the settlement on the basis of alleged noncompliance with 28 U.S.C. § 1715(b).

<u>Objections and Opt-Outs</u>

9.      The following _____ members of the Settlement Class filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

10.     The following persons requested exclusion and are hereby excluded from the Settlement Class and this case: _____.

<u>Class Compensation</u>

11.     On Defendants' behalf, Lexmark has created a settlement fund totaling $1,900,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Settlement Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses (inclusive of class administrative costs and not to exceed $15,000.00).

12.     As the Parties agreed in the Settlement Agreement, each member of

4

the Settlement Class who submits a timely and valid Claim Form will be paid

$275.00 per fax number on TPS's target list produced in the action regardless of the

number of facsimiles the member claims to have received at a single facsimile

number, subject to a *pro rata* reduction if the claims and all other payments

approved herein otherwise would exceed the total Settlement Fund. The Settlement

Administrator will cause those checks to be mailed after receiving the funds from

Lexmark.

13.    As agreed between the parties, checks issued to the class members will

be void 121 days after issuance. Any money remaining from uncashed checks shall

revert back to Lexmark.

14.    Any unclaimed monies in the Settlement Fund will revert back to

Lexmark. Lexmark shall not be responsible for any payments except those provided

for in the Settlement Agreement.

## Awards of Incentive Award and Attorneys' Fees and Costs

15.    Pursuant to the Parties' agreement, the Court approves and awards

$15,000.00 as an incentive award to named plaintiff Bobo's Drugs, Inc. d/b/a Davis

Islands Pharmacy ("Plaintiff"), for serving as the Class Representative in this

matter. In accordance with the Settlement Agreement, Lexmark will pay this

amount from the Settlement Fund on the Agreement's Effective Date.

16.    Pursuant to the Parties' agreement, the Court approves and awards

attorney's fees to Class Counsel in the amount of $475,000.00 (one fourth of the

Settlement Fund) plus expenses, including the cost of claims administration, in the

amount of $_____ (not to exceed $15,000.00). Lexmark will pay those amounts

from the Settlement Fund in accordance with the terms of the Settlement
Agreement.

<u>Releases and Dismissal</u>

17.    All claims or causes of action of any kind, asserted or that could have
been asserted, by Plaintiff and all Class members are forever barred and released
pursuant to the terms of the releases set forth in the parties' Settlement
Agreement.

18.    This lawsuit is dismissed with prejudice as to Plaintiff and all
members of the Settlement Class (except that the dismissal is without prejudice as
to those persons identified above who submitted valid exclusions from the
Settlement Class), and without fees or costs except as provided above.

<u>Other Provisions</u>

19.    The Court adopts and incorporates all the terms of the Settlement
Agreement by reference here.

20.    This Court retains continuing jurisdiction over this action, Plaintiff, all
members of the Settlement Class, and Defendants to determine all matters relating
in any way to this Final Judgment and Order, the Preliminary Approval Order, or
the Settlement Agreement, including, but not limited to, their administration,
implementation, interpretation, or enforcement.

21.    The Parties to the Settlement Agreement shall carry out their
respective obligations thereunder.

22.    The Court finds that there is no just reason to delay the enforcement of

or appeal from this Final Approval Order and Judgment.


Entered: _____                    _____
                                           Honorable James S. Moody, Jr.