IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BOBO'S DRUGS, INC. d/b/a DAVIS ISLANDS PHARMACY, individually and as the representatives of a class of similarly situated persons,<br><br>　　　Plaintiff,<br><br>v.<br><br>TOTAL PHARMACY SUPPLY, INC. and LEXMARK INTERNATIONAL, INC.,<br><br>　　　Defendants. | Case No. 17-cv-2553-T-30AAS<br><br>CLASS ACTION |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on November 4, 2019, at 10:15 a.m., in Room 17 of the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Brief in Support of Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

　　　1.　　This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objection that was filed has been considered and is overruled. Accordingly, this Final Judgment and Order binds all members of the Settlement Class who did not opt out of the Settlement Class.

1

2. This Court has jurisdiction over plaintiff, Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff"), the members of the Settlement Class, defendants Lexmark International, Inc. ("Lexmark"), and Total Pharmacy Supply, Inc. ("TPS"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

4. On April 15, 2019, pursuant to Federal Rule of Civil Procedure 23 (e), the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5. The Preliminary Approval Order certified the following class for purposes of settlement: "Each person or entity that received one or more telephone facsimile messages between October 30, 2013 and March 31, 2014 offering Genuine Lexmark Reconditioned Toner Cartridges available through www.tps-online.com or 1-800-878-2822 that did not inform the fax recipient that he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that failure to comply with the request within 30 days in unlawful." The Settlement Class excludes: (1) any person or entity that consented to receive an advertisement from Defendants by telephone facsimile; (2) any person or entity that properly requests exclusion from the class prior to the opt-out deadline; (3) Defendants, any parent, subsidiary, affiliate, or controlled person of

either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (4) the named counsel in the Action and any employee of their office or firm; and (5) the judge(s) assigned to the Action and his or her staff.

6. The Preliminary Approval Order also appointed Plaintiff as the "Class Representative" and appointed Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC as "Class Counsel."

## Class Notice

7. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted reasonable notice, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

8. The Court has reviewed the declaration submitted by counsel for Lexmark and TPS in support of compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) (Doc. 71). The Court finds that notice of the settlement (the "CAFA notice") was provided to State and federal authorities in substantial compliance with 28 U.S.C. § 1715(b) and that the CAFA notice complied with the terms of 28 U.S.C. § 1715(b). Specifically, the Court finds that (i) the CAFA notice was sent to the appropriate State and federal authorities, (ii) the CAFA notice

3

contained all of the information required to be included in the notice, (iii) the CAFA notice provided State and federal authorities sufficient time to file objections or inquire about the settlement, and (iv) no federal or State authorities submitted any inquiry, objection, or other response to the CAFA notice to the Court or counsel for the parties. Accordingly, the parties have substantially complied with their obligations under 28 U.S.C. § 1715(b) and no Settlement Class Member may avoid the settlement on the basis of alleged noncompliance with 28 U.S.C. § 1715(b).

### Objections and Opt-Outs

9. No members of the Settlement Class filed objections to the settlement.

10. No persons requested exclusion from the Settlement Class.

### Class Compensation

11. On Defendants' behalf, Lexmark has created a settlement fund totaling $1,900,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Settlement Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses (inclusive of class administrative costs and not to exceed $15,000.00).

12. As the Parties agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be paid $275.00 per fax number on TPS's target list produced in the action regardless of the number of facsimiles the member claims to have received at a single facsimile number, subject to a *pro rata* reduction if the claims and all other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement

Administrator will cause those checks to be mailed after receiving the funds from Lexmark.

13. As agreed between the parties, checks issued to the class members will be void 121 days after issuance. Any money remaining from uncashed checks shall revert back to Lexmark.

14. Any unclaimed monies in the Settlement Fund will revert back to Lexmark. Lexmark shall not be responsible for any payments except those provided for in the Settlement Agreement.

### Awards of Incentive Award and Attorneys' Fees and Costs

15. Pursuant to the Parties' agreement, the Court approves and awards $15,000.00 as an incentive award to named plaintiff Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy ("Plaintiff"), for serving as the Class Representative in this matter. In accordance with the Settlement Agreement, Lexmark will pay this amount from the Settlement Fund on the Agreement's Effective Date.

16. Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $475,000.00 (one fourth of the Settlement Fund) plus expenses, including the cost of claims administration, in the amount of $10,203.71. Lexmark will pay those amounts from the Settlement Fund in accordance with the terms of the Settlement Agreement.

### Releases and Dismissal

17. All claims or causes of action of any kind, asserted or that could have been asserted, by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement

Agreement.

18. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Settlement Class), and without fees or costs except as provided above.

## Other Provisions

19. The Court adopts and incorporates all the terms of the Settlement Agreement by reference here.

20. This Court retains jurisdiction for a period of one (1) year over this action, Plaintiff, all members of the Settlement Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

21. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Entered: November 4, 2019

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE